JUSTICE NELSON
specially concurs.
While I agree with the result of the Court’s opinion and with what is expressed therein, I am not persuaded that the statutory basis which supports the State’s position is clearly enough set forth. I submit that the provisions of § 23-5-152(3), MCA, as regards licensing are dispositive.
Montana law requires that:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all. (Emphasis added.)
Section 1-2-101, MCA. Applying that canon of statutory construction to §§ 23-5-152(3)(a), (b) and (c), MCA, and reading those sections pari materia, it is clear that the statute enacted by the legislature prohibits the conduct for which Haman claims she is entitled to a license, and that the statute would, likewise, prohibit the Department of Justice (department) from adopting rules to license that conduct.
Section 23-5-152(3)(a), MCA, authorizes the department to adopt rules to license persons who manufacture Montana-illegal gambling devices for export from the state. Section 23-5-152(3)(c), MCA, authorizes a person licensed under § 23-5-152(3), MCA, to import Montana-illegal gambling devices into the state after notifying and receiving authorization from the department. Section 23-5-152(3)(b), *463 MCA, prohibits the manufacture or possession of Montana-illegal gambling devices for export without a license.
The dispositive point, here, is that the only license which is authorized by § 23-5-152(3), MCA, is the one in subsection (3)(a), and that is the license for the manufacture of Montana-illegal gambling devices for export. There is no authorization in subsection (3) for the issuance of a license for possession without manufacture for export.
Even if it had a mind to, the department, under that statutory scheme, could not adopt rules to license possession of Montana-illegal gambling devices (or, as the Court’s opinion points out, the “purchase” of such devices) without manufacture for export. Any such rule would be in derogation of the statute and would be unlawful. See Winchell v. Dep’t of State Lands (1993),_Mont._, 865 P.2d 249.
Accordingly, I specially concur.
JUSTICE GRAY joins in the foregoing special concurrence.